HOGAN LOVELLS US LLP
Paul B. Salvaty (Bar No. 171507)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
Email: paul.salvaty@hoganlovells.com

Justin W. Bernick (*pro hac vice*)
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
Email: justin.bernick@hoganlovells.com

Attorneys for Defendants
*Anschutz Entertainment Group, Inc., AEG Presents*
*LLC, L.A. Arena Company LLC, and Ansco Arena*
*Ltd.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN MICHAEL "OZZY" OSBOURNE, and individual, on his own behalf and for all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ANSCHUTZ ENTERTAINMENT GROUP, INC. a Colorado corporation, AEG PRESENTS LLC, a Delaware limited liability company, L.A. ARENA COMPANY LLC, a Delaware limited liability company, ANSCO ARENA LTD., a U.K. limited company, and JOHN DOE 1 THROUGH 10, whose true names are unknown, inclusive,<br><br>Defendants. | Case No.  2:18-cv-02310-DSF (JEMx)<br><br>The Honorable Dale S. Fischer<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

1    Defendants Anschutz Entertainment Group, Inc., AEG Presents LLC ("AEG
2  Presents"), L.A. Arena Company LLC ("L.A. Arena Company"), Ansco Arena Ltd.
3  ("Ansco") (together, "AEG"), by and through their undersigned attorneys, hereby
4  answer Plaintiff John Michael "Ozzy" Osbourne's ("Ozzy") First Amended
5  Complaint ("Complaint").

6    1.    Paragraph 1 of the Complaint contains stylistic material as to which no
7  response is required.

8    2.    The first and second sentences of Paragraph 2 of the Complaint
9  contain legal assertions as to which no response is required.  To the extent a
10 response is required, AEG denies the allegations.   AEG denies the allegations
11 contained in the third sentence of Paragraph 2 of the Complaint.  AEG admits that
12 Anschutz Entertainment Group, Inc. owns The O2 arena in London and the Staples
13 Center in Los Angeles.

14   3.    AEG denies the allegations contained in the first sentence of Paragraph
15 3 of the Complaint.  AEG lacks knowledge or information sufficient to form a
16 belief concerning the truth of the allegations contained in the second and third
17 sentences of Paragraph 3 of the Complaint, and therefore denies the same.  AEG
18 denies that it is a monopolist.  AEG denies the remaining allegations in the last
19 sentence of Paragraph 3 of the Complaint as stated.

20   4.    AEG admits that numerous concert venues compete in the Los
21 Angeles area.  AEG denies the remaining allegations in Paragraph 4 of the
22 Complaint.

23   5.    AEG admits that Live Nation (Music) UK Ltd. ("Live Nation UK")
24 requested a date at The O2 in February 2019 for Ozzy to perform.  AEG admits that
25 Sharon Osbourne complained publically about the Staples Center Commitment.
26 AEG denies the remaining allegations in Paragraph 5 of the Complaint.

27
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

6.      The allegations in Paragraph 6 state legal assertions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

7.      AEG lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8.      Paragraph 8 of the Complaint contains stylistic material as to which no response is required.

9.      AEG admits the allegations contained in Paragraph 9 of the Complaint.

10.     AEG admits the allegations contained in the first and third sentences of Paragraph 10 of the Complaint.  AEG admits that it is a wholly-owned subsidiary of Anschutz Entertainment Group, Inc.  AEG denies the remaining allegations in the second sentence of Paragraph 10 of the Complaint.

11.     AEG admits the allegations contained in the first and third sentences of Paragraph 11 of the Complaint.  AEG denies the allegations contained in the second sentence of Paragraph 11 of the Complaint, but admits that L.A. Arena Company is a subsidiary of Anschutz Entertainment Group, Inc.

12.     AEG admits the allegations in the first sentence of Paragraph 12 of the Complaint.  AEG admits that Ansco Arena Ltd. is a wholly-owned subsidiary of Anschutz Entertainment Group, Inc.  AEG denies the remaining allegations in the second sentence of Paragraph 12 of the Complaint.  AEG denies the allegations contained in the last sentence of Paragraph 12 of the Complaint as stated.

13.     Paragraph 13 of the Complaint contains stylistic material as to which no response is required.

14.     Paragraph 14 of the Complaint contains stylistic material as to which no response is required.

15.     Paragraph 15 of the Complaint contains stylistic material as to which no response is required.

16.     AEG admits that Plaintiff purports to bring this suit on his own behalf and as a class action, but denies that the class alleged in Paragraph 16 of the Complaint is certifiable under Rule 23(a) or Rule 23(b)(2) of the Federal Rules of Civil Procedure.

17.     AEG denies the allegations contained in the first sentence of Paragraph 17 of the Complaint.  AEG admits that The O2 hosts around 100 music concerts each year.  AEG denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 state legal conclusions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

19.     The allegations in Paragraph 19 state legal assertions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

20.     The allegations in Paragraph 20 state legal assertions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

21.     AEG denies the allegations contained in Paragraph 21 of the Complaint.

22.     AEG denies the allegations contained in the first and third sentences of Paragraph 22 of the Complaint.  AEG lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the second sentence of Paragraph 22 of the Complaint, and therefore denies the same.

23.     The allegations in Paragraph 23 of the Complaint state legal conclusions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

24.     The allegations in Paragraph 24 of the Complaint contain legal assertions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

25.     The allegations in Paragraph 25 of the Complaint contain legal assertions relating to jurisdiction as to which no response is required.  To the extent a response is required, AEG admits that this Court has jurisdiction over claims asserted under the Sherman Act.

26.     The allegations in Paragraph 26 of the Complaint contain legal assertions relating to personal jurisdiction, as to which no response is required.  To the extent a response is required, AEG admits that this Court has personal jurisdiction over AEG as it pertains to the allegations in this case.

27.     The allegations in Paragraph 27 of the Complaint contain legal assertions relating to venue, as to which no response is required.  To the extent a response is required, AEG admits that this case is properly before the United States District Court for the Central District of California as it pertains to the allegations in this case.

28.     AEG admits that it typically negotiates venue dates with promoters, artist managers, or booking agents.  AEG lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations contained in Paragraph 28, and therefore denies the same.

29.     AEG lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 29 of the Complaint, and therefore denies the same.  The remaining allegations in Paragraph 29 of the Complaint contain legal assertions, as to which no response is required. To the extent a response is required, AEG lacks knowledge or information sufficient to form a belief concerning the truth of the allegations, and therefore denies the same.

30.     AEG admits that Live Nation UK "penciled in" a date at The O2 for Ozzy to perform.  AEG denies the allegations contained in the third sentence of Paragraph 30 of the Complaint.  AEG admits that another artist had not formally booked February 11, 2019 at The O2.

31.     AEG admits that Ansco sent Live Nation UK a letter agreement relating to Ozzy's performance at The O2 and states that the content of that letter agreement speaks for itself.

32.     AEG admits that Ansco sent Live Nation UK a letter agreement relating to Ozzy's performance at The O2 and states that the content of that letter agreement speaks for itself.

33.     AEG denies the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 reference a letter agreement sent by Ansco to Live Nation UK, the content of which speaks for itself.  AEG denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     AEG admits that the communication from Sharon Osbourne to Jay Marciano referenced in Paragraph 35 exists and states that the content of that communication speaks for itself.

36.     AEG admits that the communication from Jay Marciano to Sharon Osbourne referenced in Paragraph 36 exists and states that the content of that communication speaks for itself.

37.     AEG admits that Staples Center has lost shows to the Forum because Madison Square Garden Company ("MSG") has forced artists to perform at the Forum in Inglewood in order to perform at Madison Square Garden Arena in New York City.  AEG denies the allegations contained in the second sentence of Paragraph 37 of the Complaint.  AEG admits that Irving Azoff was quoted in *Amplify*, but denies the content of those statements.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

38.     The allegations in Paragraph 38 contain legal assertions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

39.     AEG denies the allegations contained in the first and third sentences of Paragraph 39 of the Complaint.  AEG lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the second sentence of Paragraph 39 of the Complaint, and therefore denies the same.  The last sentence of Paragraph 39 of the Complaint contains legal assertions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

40.     AEG denies the allegations contained in Paragraph 40 of the Complaint.

41.     AEG admits that Pollstar data shows that in 2017, The O2 sold more tickets than other arena-sized venues.  AEG denies the remaining allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint contain legal assertions, as to which no response is required.  To the extent  response is required, AEG denies the allegations.

43.     AEG admits that it has a venue management agreement with the SSE Arena, Wembley and currently has exclusive rights to hold certain summer concerts in Hyde Park and Victoria Park in London.  AEG denies the remaining allegations in Paragraph 43 of the Complaint.

44.     AEG denies the allegations contained in Paragraph 44 of the Complaint.

45.     The third sentence in Paragraph 45 of the Complaint states a legal conclusion, as to which no response is required.  To the extent a response is required, AEG admits that the Forum and Staples Center are competitors.  AEG denies the remaining allegations contained in Paragraph 45 of the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

46.     AEG denies the allegations contained in Paragraph 46 of the Complaint.

47.     AEG lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 47 of the Complaint, and therefore denies the same.  AEG admits that Ozzy purports to bring this Complaint for injunctive relief, but denies the remaining allegations contained in the second and third sentences of Paragraph 47 of the Complaint.

48.     AEG lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first and second sentences of Paragraph 48 of the Complaint, and therefore denies the same.  AEG denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint contain legal assertions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

50.     AEG denies the allegations contained in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, AEG incorporates its responses to the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     The allegations in Paragraph 52 of the Complaint state legal conclusions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

53.     The allegations in Paragraph 53 of the Complaint state legal conclusions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

54.     The allegations in Paragraph 54 of the Complaint state legal conclusions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 8 -

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

55.     The allegations in Paragraph 55 state legal conclusions, as to which no response is required.  To the extent a response is required, AEG denies the allegations.

56.     AEG admits that the Forum and Staples Center are competitors.  AEG admits that the Forum and Staples Center are approximately 10 miles apart and have the capacity and amenities to host large music concerts.  AEG denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 of the Complaint state legal assertions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

58.     AEG denies the allegations contained in Paragraph 58 of the Complaint.

59.     AEG denies the allegations contained in Paragraph 59 of the Complaint.

60.     The allegations in Paragraph 60 of the Complaint state legal assertions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

61.     In response to Paragraph 61 of the Complaint, AEG incorporates its responses to the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     The allegations in Paragraph 62 of the Complaint state legal conclusions as to which no response is required.  To the extent a response is required, AEG admits that it opposes Ozzy's contention that the Staples Center Commitment is unlawful and unenforceable.

63.     The allegations in Paragraph 63 of the Complaint state legal conclusions as to which no response is required.  To the extent a response is required, AEG denies the allegations.

**AFFIRMATIVE DEFENSES**

AEG incorporates the proceeding paragraphs as if fully set forth herein.  By stating any defense hereinafter, AEG does not purport to assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. AEG hereby gives notice that it intends to rely upon any other and additional defenses that are now ore may become available during or as a result of the discovery proceedings in this action, and hereby reserves its right to amend this Answer to assert such defense.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks Article III standing to bring the claims set forth in its Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff lacks antitrust standing to bring the claims set forth its Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part because Plaintiff has not been coerced to purchase any product.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Staples Center Commitment has not harmed, or had any pernicious effect, on competition.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claimed damages must be reduced, diminished, and/or barred because of the damages attributable to Plaintiff's own failure to mitigate damages

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

and/or because of the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## PRAYER FOR RELIEF

AEG requests that Plaintiff's First Amended Complaint be dismissed with prejudice, that the Court enter judgment in favor of AEG, and that the Court award AEG its attorneys' fees, costs, expenses, pre-judgment interest, and such other an further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

AEG demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

Dated:  August 15, 2018                    HOGAN LOVELLS US LLP

                                           */s/ Paul B. Salvaty*
                                           _____

                                           Paul B. Salvaty

                                           Attorney for Defendants
                                           *Anschutz Entertainment Group, Inc., AEG Presents LLC, L.A. Arena Company LLC, and Ansco Arena Ltd.*